IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> LANDMARK HOTEL GROUP, LLC ) <br> D/B/A COMFORT INN OCEANFRONT ) <br> SOUTH ) <br> ) <br> DARE HOSPITALITY, LLC D/B/A ) <br> COMFORT INN OCEANFRONT SOUTH ) <br> ) <br> JAIN AND ASSOCIATES, LP D/B/A ) <br> COMFORT INN OCEANFRONT SOUTH ) <br> ) <br> JRS PARTNERS, LLC D/B/A ) <br> COMFORT INN OCEANFRONT SOUTH ) <br> ) <br> Defendants. ) <br> _____ ) | COMPLAINT <br><br> CIVIL ACTION NO.: 4:12-cv-158 <br><br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Claudia Neal ("Neal") who was adversely affected by such practices. Specifically, the United States Equal Employment Opportunity Commission ("EEOC or the "Commission") alleges that defendants Landmark Hotel Group, LLC, Dare Hospitality, LLC, Jain and Associates, LP, and JRS Partners, LLC, jointly, severally and/or collectively d/b/a Comfort Inn Oceanfront South ("Defendants") discriminated against

Neal when they refused to accommodate Neal's religious beliefs, and discharged her because of her religion, Seventh Day Adventist.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants operated as an integrated business enterprise and/or as joint owners/operators of the Comfort Inn Oceanfront South where Neal worked and where the discriminatory practices occurred. At all relevant times, Defendants have continuously been doing business in the State of North Carolina and the City of Nags Head, North Carolina, and have continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Neal filed a charge of discrimination with the Commission alleging violations of Title VII by her employer, Comfort Inn Oceanfront South, which is owned and/or operated by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around November 2010, Defendants engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by refusing to accommodate Neal's religious belief and practice and by discharging Neal because of her religion, Seventh Day Adventist.

8. Neal was raised as a Seventh Day Adventist. As a Seventh Day Adventist, Neal holds the sincere religious belief that she cannot work on her Sabbath, which is from sundown on Friday until sundown on Saturday. This belief held by Neal, is consistent with the tenets of the Seventh Day Adventist faith.

9. When Neal applied for a position with Defendants at the Comfort Inn Oceanfront South in May 2009, on her application she requested a religious accommodation to observe her Sabbath every Saturday.

10. On or about May 18, 2009, Neal was hired by Defendants as a Breakfast Attendant at Defendants' Nags Head, North Carolina location. When Neal informed her supervisor, the hotel's Assistant General Manager, that she could not work on her Sabbath, her request for an accommodation was honored.

11. In or around July 2009, Neal was promoted to Front Desk Clerk and was transferred to Defendants' Kill Devil Hills, North Carolina location for a brief period from

around July 2009 through September 2009. After her transfer, Neal's supervisor at the Kill Devil Hills location also honored her request for a religious accommodation. Later in September 2009, when Neal transferred back to the Nags Head location, her former supervisor at that location continued to honor her request not to work on her Sabbath.

12. In or around October 2010, Defendant made a management change at its Nags Head location where Neal was then working.

13. On or about November 11, 2010, Defendant's management advised Neal that she would be required to work the evening shift on Friday, December 24, 2012 (hereafter "the subject shift"). In response, Neal explained that she could not work the subject shift because of her Sabbath. Neal explained that her Sabbath runs from sundown on Friday until sundown on Saturday. Defendants' management stated that Neal's request not to work the subject shift would not be granted.

14. On or about November 17, 2010, Neal provided Defendants' management with a letter reiterating her religious objection to working the subject shift because of her Sabbath. In the letter, Neal again explained that her Sabbath runs from Friday evening to Saturday evening. After receiving the letter, Defendants' management called Neal into a meeting wherein Neal was told that she had to work the subject shift or she would be discharged. Neal again restated her religious objection to working on her Sabbath, and again explained that her Sabbath runs from sundown Friday until sundown Saturday. Neal refused to work the subject shift and as a result, Defendants discharged Neal effective immediately.

15. The effect of the practices complained of above has been to deprive Neal of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

16.     The unlawful employment practices complained of above were intentional.

17.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Neal, because of her religion, Seventh Day Adventist.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against current or future employees based on their religion.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendants to make Neal whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices described above, including but not limited to reinstatement or front pay in lieu thereof.

D.      Order Defendants to make Neal whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to job search expenses, in amounts to be determined at trial.

E.      Order Defendants to make Neal whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life,

and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendants to pay Neal punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such other and further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 26th day of July, 2012.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    TRACY HUDSON SPICER
    Supervisory Trial Attorney
    Washington Field Office
    131 M Street, N.E., Suite 4NW02F
    Washington, D.C. 20507

/s/  Lynette A. Barnes
LYNETTE A. BARNES
NC Bar No. 19732
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202


/s/ Amy E. Garber
AMY E. GARBER
Trial Attorney
Virginia Bar No. 37336
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Telephone: (757) 441-3134
Facsimile:  (757) 441-6720
Email:  amy.garber@eeoc.gov

ATTORNEYS FOR THE PLAINTIFF