IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| LANDMARK HOTEL GROUP, LLC D/B/A COMFORT INN OCEANFRONT SOUTH | ) ) ) ) | CIVIL ACTION NO.: 4:12-cv-00158 |
| DARE HOSPITALITY, LLC D/B/A COMFORT INN OCEANFRONT SOUTH | ) ) ) | ORDER/CONSENT DECREE |
| JAIN AND ASSOCIATES, LP D/B/A COMFORT INN OCEANFRONT SOUTH | ) ) ) | |
| JRS PARTNERS, LLC D/B/A COMFORT INN OCEANFRONT SOUTH | ) ) ) | |
| Defendants. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The Commission's complaint alleged that Defendants, Landmark Hospitality Group, LLC, Dare Hospitality, LLC, Jain and Associates, LP and JRS Partners, LLC, (the "Defendants"), denied Claudia Neal a religious accommodation and discharged her because of her religion, Seventh Day Adventist.

The Commission and the Defendants hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The Consent Decree resolves the allegations raised in the Complaint. The Decree does not constitute an adjudication of the merits on this lawsuit, but is a compromise between the parties of disputed claims. Defendant does not admit the allegations contained in the EEOC's Complaint. The EEOC does not disavow its allegation as set forth in its Complaint initiating this action. It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion, (including by denying a religious accommodation), or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Claudia Neal the sum of forty-five thousand dollars ($45,000) in settlement of the claims raised in this action. Mrs. Neal will receive a Form 1099

for this payment. Defendant shall make payment by issuing a check payable to Claudia Neal. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Claudia Neal at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Ms. Neal.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Claudia Neal any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 437-2011-00284, the filing of this lawsuit (*EEOC v. Landmark et. al*, 5:09-cv-00387) and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Claudia Neal with a positive letter of reference which is attached here to as Exhibit A. Within ten (10) days of the entry of the decree by the Court, Defendant shall mail a copy of the letter of reference, signed by Raj Jain to Claudia Neal at an address provided by the Commission. Within ten (10) days after the letter of reference has been sent, Defendant shall send to the Commission a copy of the letter of referenced and proof of its delivery to Ms. Neal.

6. Within sixty (60) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: a statement of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; a procedure for considering religious accommodation requests under Title VII; and a procedure for reporting

discrimination, and for the immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned sixty (60) day time period. Within sixty (60) days of the entry of this decree, Defendants shall report compliance to the Commission. During the term of this Decree, Defendants shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendants shall post a copy of the policy described in paragraph 6, *supra*, in all of their hotels in North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy. Within thirty (30) days after the Consent Decree is entered, Defendants will post the policy and notify the Commission that it has been posted.

8. During the term of this Decree, Defendants shall provide an annual training program to all of its managers, supervisors and employees at its hotels in North Carolina. Each training program shall include an explanation of of Title VII of the Civil Rights Act of 1964, and its prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendants' policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one-hundred and twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendants shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the

specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendants shall conspicuously post the attached Employee Notice, marked "Exhibit B" hereby made a part of this Decree, in a place where it is visible to employees at its Comfort Inn Oceanfront North and Comfort Inn Oceanfront South locations in North Carolina. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A. the identities of all individuals who have requested accommodation based on their religion at Defendants' North Carolina facilities, including by way of identification each person's name, address, telephone number and position;
>
> B. for each individual identified in 10.A. above, identify the specific accommodation requested, the date of the requested accommodation, Defendant's response to the request, and if the request was denied, the reason for denial of the request;
>
> C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after request for religious accommodation was considered; and
>
> D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

Should the Commission request the social security number of an individual identified in 10.A., Defendants shall provide the social security number(s) within seventy-two (72) hours of the Commission's request.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents, including but not limited to all records required to be kept by the terms of this Decree.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by e-mail to the EEOC at EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring

compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of three (3) years without further action by the parties.

<u> 23 July 2013                </u>
Date

The parties jointly request that the Court approve and enter the Consent Decree:

This the 18th day of July, 2013.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Amy E. Garber
AMY E. GARBER
Senior Trial Attorney
200 Granby Street, Ste 739
Norfolk, VA 23510
Virginia Bar 37336

**ATTORNEYS FOR PLAINTIFF**

/s/ Kristina Vaquera
KRISTINA VAQUERA
Jackson Lewis LLP
500 E. Main Street, Suite 800
Norfolk, VA 23510

/s/ Matthew D. Duncan
MATTHEW D. DUNCAN
Jackson Lewis LLP
1400 Crescent Green, Suite 215
Cary, NC 27518
N.C. State Bar No. 35269

**ATTORNEYS FOR DEFENDANT**

**[Comfort Inn Oceanfront South letterhead]**

**To Whom It May Concern:**

**We are pleased to provide the following reference for our former employee, Claudia Neal. Ms. Neal was employed at the Comfort Inn Oceanfront South and Comfort Inn Oceanfront North from May 2009 until November 2010. She was employed initially as a breakfast attendant at the Comfort Inn Oceanfront South, and as a front desk clerk at the Comfort Inn Oceanfront North and the Comfort Inn Oceanfront South facilities. Ms. Neal was a conscientious employee, with a good attendance record. At all times the quality of her work was very good.**

**We hope this information about Ms. Neal is helpful to you in considering her employment.**

                                          **Sincerely,**

                                          _____
                                          **[insert name]**
                                          **President**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LANDMARK HOTEL GROUP, LLC** | ) | **CIVIL ACTION NO.: 4:12-cv-158** |
| **D/B/A COMFORT INN OCEANFRONT** | ) | |
| **SOUTH, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE

1. This notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission, Landmark Hotel Group, LLC, Dare Hospitality, LLC, Jain and Associates, LP and JRS. Partners (collectively "Defendants"), in a case in which the EEOC alleged that Defendants discriminated against an employee for failure to accommodate the employee's religious beliefs and separated her from employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), disability, or genetic information. Title VII of the Civil Rights Act of 9164, as amended, specifically prohibits discrimination based on religion, and makes it an unlawful employment practice not to make efforts to accommodate an employee's religious belief.

3. Defendants in this action will comply with such federal law in all respects. Defendants will not take any actions against employees because the employee has exercised his/her rights, sought accommodation for religious belief.

Employees have the right, and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. Employees may contact their local U.S. Equal Employment Opportunity Commission office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

TEL: 1-800-669-4000   TTY: 1-800-669-6820
www.eeoc.gov

This notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2016.